JONATHAN C. GREELEY, APPELLANT, VS. FANNIE B. PERCIVAL AND HER HUSBAND, A. K. PERCIVAL, APPELLEES.

1. Where a deed of assignment distinctly directs that the proceeds of the property of the assignor shall be applied, *first* to the payment of certain preferred creditors in full of their debts in the order in which they are named, and the assignee named in said deed is the first preferred creditor, and accepts the trust and enters upon the discharge of its duties, he is not entitled to compensation for the care and management of the assigned property if there is not a sufficient amount of the proceeds thereof to pay said preferred creditors in full.

2. When a paper purporting to be an assignment by a failing debtor for the benefit of his creditors is admitted in evidence in a cause on trial between A. & B., and no objection is made to it by either party as being effectual for the purposes mentioned therein, and said paper in another suit between C. and D. on a subsequent day of the same term of the court, in which the suit between A. and B. was determined, was held by the court to be void on its face, such judgment of the court that said paper was of no legal effect, is not a good ground for granting a new trial to B. in the suit between him and A.

3. In a suit by a preferred creditor in a deed of assignment against the assignee, for a debt due him from the assignor, it is not error to refuse to allow the assignee credit for fees of an attorney employed by him as assignee, when he offers no proof that the amount charged by said attorney was a fair and reasonable charge for the services performed, or that the services of said attorney were necessary for the protection of the trust property, and not caused by his own failure to perform the trusts in the assignment.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*R. B. Archibald* for Appellant.

*A. W. Cockrell & Son* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

Fannie B. Percival and A. K. Percival, her husband, brought suit in the Circuit Court of Duval county against Jonathan C. Greeley, Assignee of John W. Howell, for money claimed to be due her from said Greeley as a preferred creditor in the assignment from Howell to Greeley. Said Howell, by deed in writing, dated 20th day of January, A. D. 1883, assigned all his property to said Greeley for the benefit of his creditors. In said deed of assignment are the following clauses directing how and to whom payment should be made, " * * * * and apply the proceeds as follows: *First.* To the payment of the following named creditors in full of their several demands in the order in which they are named herein:

| | |
|---|---:|
| Jonathan C. Greeley | $5,000 |
| Joseph H. Durkee | 1,000 |
| C. B. McClenny | 500 |
| George R. Carruth | 200 |
| Fannie B. Percival | 500 |

To pay all costs and charges of these presents and lawful expenses of executing the trust hereby enacted."

On the trial of the cause the defendant therein introduced J. C. Greeley as a witness, " and offered to prove by said witness the amount of compensation which he claimed to be due him, the said J. C. Greeley, as assignee of said Howell, for the trouble, care and management of the said trust, created by said deed of assignment, and further offered to prove by evidence of said witness that upon the payment of said compensation to him, the said defendant, for his care and management of said trust, together with the said attorney's fees and payment of the preferred creditors in the order of their priority, there would remain of the amount of money which had come into his, the defendant's hands, as assignee, only about two hundred and thirty-

two dollars with which to pay the last named preferred creditor, Fannie B. Percival."

To the introduction of this evidence the plaintiff objected " on the ground that the said defendant was not entitled to any compensation for his care and mangement of said trust, at least until the preferred creditors were paid in full."

The court sustained the objection and defendant excepted.

The assignment provides *first*, that certain named creditors are to be paid *in full* and in the order of priority as named. Greeley's name heads the list of these preferred creditors, with a debt more than twice the sum due all the other preferred creditors. He accepted the trust as assignee and entered upon the discharge of its duties. The provisions of that trust required him to apply the proceeds of the property of Howell to the payment of certain debts in full, his own among the number and having priority of all the others. He is bound by every provision in the deed of assignment and must follow its directions. It did not provide for anything that could be construed into a compensation for the assignee until after the payment of the preferred debts in full. We do not say that this would be the proper construction of this deed of assingment so far as actual expenses were concerned in the collection of debts due the assignor, or expenses necessarily incurred in the management and preservation of the assigned property, but it is the proper construction of it so far as compensation to the assignee is concerned. Where the payment of that compensation diverts into the hands of the assignee funds which, by the terms of the assignment were to be paid to preferred creditors before he could claim compensation, there was no error in refusing the offered testimony.

It seems from the record that on a subsequent day of the term to the trial of this case the deed of assignment of

Howell to Greeley, in the case of Dixon & Bro. vs. John W. Howell, Greeley, assignee and claimant, was declared by that court to be void on its face. The defendant in this suit moved the court to set aside the verdict of the jury " on the ground that the verdict was based upon illegal evidence not known to counsel for defendant." The illegal evidence was the deed of assignment. Plaintiff does not claim, however, that the deed of assignment itself was not known to him. What he claims is, that it was not known to him or his counsel that said deed was void on its face. The construction of that deed was a question of law. That the *legal construction* of a paper was not known to the defendant or his counsel is no cause for setting aside a verdict of a jury.

If defendant were entitled to any benefit to be derived from declaring the deed of assignment under which he acted void, he should, in his own case, when it was before the court, have raised that question. He failed to do so and cannot complain afterwards. This motion was properly overruled.

A review of the whole case, as it appears from the bill of exceptions, would have constrained us to have affirmed the judgment below. It was proven and not contradicted, that Greeley admitted that he had enough money in hand to pay all the preferred creditors. When introduced as a witness himself he said he had collected "a little over eight thousand dollars." The amount of the preferred debts were seven thousand two hundred.

There was at least $800 surplus, to say nothing of the right to presume what the extent of the words " a little over " meant, coming from a trustee, who was required by the law to accurately know and exactly state the amount in his hands. How does he propose to account for this deficiency between $8,000 and $6,932 which is the amount he

says he has on hand. That is $5,000 for his debt, $1,000 for Durkee's debt, $500 for McClenny's debt, $200 for Caruth's debt, and only $232 for the debt of Mrs. Percival, which is stated at $500. A difference of over one thousand dollars. He says five or six suits were commenced against him by the creditors of Howell, and that by reason of said suits he had been compelled to retain an attorney, whose fees were five hundred dollars. There is no evidence as to the importance or the amounts involved in said suits, or that they were not caused by his failure to perform the trusts of the assignment, and none as to the value of the services of said attorney. No court could say in the absence of such evidence whether the charge was proper or not. The remaining deficiency was accounted for by Greeley's claim for compensation. We disposed of this above.

The judgment is affirmed.